UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GRETCHEN FREUDENVOLL,

                Plaintiff,

         v.

TARGET CORPORATION,

                Defendant.
_____

DECISION & ORDER

13-CV-6197L

        Gretchen Freudenvoll ("Freudenvoll") filed this action against Target Corporation ("Target") asserting claims for negligence arising from personal injuries that Freudenvoll allegedly suffered after slipping and falling at one of Target's retail stores. (Docket ## 1-5). Currently pending before this Court is Target's motion to compel Freudenvoll to provide authorizations permitting Target to obtain certain employment and income-related documents from non-parties. (Docket # 23-1 at ¶ 28).

        Specifically, Target seeks an order compelling Freudenvoll to provide authorizations allowing Target to obtain Freudenvoll's employment records and other records reflecting Freudenvoll's income, including any disability benefits. (*Id.* at ¶¶ 2-3). According to Target, Freudenvoll has not responded to repeated requests for the authorizations. (*Id.*). Thus, Target seeks an order compelling Freudenvoll to provide the requested authorizations or, in the alternative, precluding Freudenvoll from offering evidence to support her lost wages claim. (*Id.* at ¶ 2). In addition, Target seeks an order compelling Freudenvoll to serve her Rule 26 disclosures and to compel Freudenvoll to finalize selection of a mediator. (*Id.* at ¶ 3). According

to Target, Freudenvoll failed to serve her Rule 26 disclosures by August 9, 2013, as required by this Court's scheduling order. (Docket # 9 at ¶ 2; # 23-1 at ¶ 7). In addition, according to Target, despite its attempts to communicate with Freudenvoll in order to select a mediator by the October 18, 2013 deadline set forth in this Court's scheduling order (Docket # 11 at ¶ 1(a)), Freudenvoll has failed to respond to its communications. (Docket # 23-1 at ¶ 8). Finally, Target also requests an extension of the current scheduling order. (*Id.* at ¶ 10).

On November 8, 2013, this Court issued a motion scheduling order requiring Freudenvoll to respond to Target's motion to compel by no later than November 22, 2013 and scheduling oral argument for December 5, 2013. (Docket # 13). Freudenvoll did not oppose the motion. Having received no opposition from Freudenvoll, the Court hereby cancels the oral argument.

Failure to oppose a pending motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion. *See*, *e.g.*, *TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, \*4 (S.D.N.Y. 2004) (defendant's failure to respond to motion was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, \*1 (S.D.N.Y. 2003) (same). In this case, the motion scheduling order afforded Freudenvoll sufficient time to respond to the pending motion. Freudenvoll has failed to oppose the motion and has not contacted the Court to request an extension of the deadline to file a response to the motion. Accordingly, Target's motion to compel is granted on the grounds that it is unopposed, and Freudenvoll is ordered to provide the requested authorizations and its Rule 26 disclosures by no later than **January 3, 2014**. In addition, Freudenvoll is ordered to communicate with Target and to finalize selection of a

mediator by no later than **December 17, 2013**.  Further, Target's motion to extend the current scheduling order is granted.  Target is ordered to submit a proposed amended scheduling order to the Court by no later **December 17, 2013**.

## **CONCLUSION**

Accordingly, Target's motion to compel (**Docket # 12**) is **GRANTED**.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                 MARIAN W. PAYSON
                                           United States Magistrate Judge

Dated: Rochester, New York
       December   3  , 2013